[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10233
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00232-WS-D-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN COLEMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 30, 2017)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Calvin Coleman appeals his 36-month sentence, which the district court imposed after revoking his supervised release. He argues that his sentence is procedurally and substantively unreasonable. For the reasons set forth below, we affirm.

Coleman completed a term of incarceration for a drug crime and began a four year term of supervised release. Among other conditions of his supervised release, Coleman was prohibited from using or possessing a controlled substance. Within the next five years, Coleman's supervised release was revoked three times for drug-related violations. The instant violation—his third—occurred when he was arrested for unlawful distribution of a controlled substance after he was caught selling Xanax pills to a confidential informant. The district court conducted a hearing and, after hearing from Coleman, his probation officer, and the deputy who investigated the drug transaction, adjudicated Coleman in violation of the terms of his supervised release. Because Coleman had possessed a controlled substance, revocation of his supervised release was mandatory. 18 U.S.C. § 3583(g)(1).

At sentencing, the government noted that Coleman's guidelines range was 33 to 41 months' imprisonment but requested a 36-month sentence, the statutory maximum, citing the fact that Coleman was repeatedly caught selling drugs while serving terms of supervised release. Coleman requested a sentence of 20 months, explaining that he had a job and family ties and was trying to "get along with his

2

life." Doc. 85 at 63.[1] The district court imposed a sentence of 36 months' imprisonment, stating: "The appropriate sentence in your case is the statutory maximum. It's a sentence within the guidelines, and I find that that is the sentence that is sufficient but not more than necessary to accomplish the sentencing objectives set forth in the statute." *Id.* at 68. Coleman appealed.

On appeal, Coleman contends that his sentence was procedurally and substantively unreasonable because the district court failed to consider any of the 18 U.S.C. § 3553(a) factors when determining his sentence.[2] We cannot agree.

A district court must impose a sentence that is reasonable, including upon revocation of supervised release. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). To determine whether a sentence is reasonable, we "first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, the procedural reasonableness of a sentence is raised for the first time on appeal, we review only for plain error.

---

[1] "Doc." refers to the numbered entry on the district court's docket in this case.

[2] These factors include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(5).

*United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).[3]  Second, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Gall*, 552 U.S. at 51.

In most cases, a sentence may be procedurally unreasonable if a district court fails to consider the § 3553(a) factors or substantively unreasonable if the court unjustifiably relies on any particular factor listed in § 3553(a).  *Gall*, 552 U.S. at 51; *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  But, as Coleman acknowledges, this Court has held that, "when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors."  *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (internal quotation marks omitted).  We are bound to follow *Brown* unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).[4]  Because under *Brown* the district court is

---

[3] Under plain error review, we may reverse only if we conclude that there is error; the error is plain; the error affected the defendant's substantial rights; and "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

[4] Thus we cannot, as Coleman urges, follow the reasoning of the Third Circuit, which has held that district courts must consider the § 3553(a) factors even when revocation of supervised release is mandatory.  *See United States v. Thornhill*, 759 F.3d 299, 309 (3d Cir. 2014).

not required to consider the § 3553(a) factors, Coleman's challenge must fail.[5]  We

therefore affirm his 36-month sentence.

    **AFFIRMED.**

---

[5] The government asserts that, even if the reasoning of *Thornhill* applied, the record in this case makes clear that the district court adequately considered the § 3553(a) factors.  The government also argues that Coleman cannot show that any error would have affected his substantial rights, citing a statement by the district court that it would have sentenced Coleman to a longer term of imprisonment in the absence of the statutory maximum sentence.  Because we conclude that *Brown* governs this case, we do not address these alternative reasons for affirming Coleman's sentence.